IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE A. GIBSON,

      Plaintiff,                        No. CIV S-03-1547 LKK JFM P

    vs.

D. L. RUNNELS, Warden, et al.,

      Defendants.                FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On February 28, 2005, plaintiff filed a motion for temporary restraining order and/or preliminary injunction. Plaintiff's motion is predicated on events that allegedly occurred in October and November 2004. Plaintiff contends those events show prison officials are trying to interfere with his ability to litigate this action and he seeks unspecified relief.

        The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v.

1

1  Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch.
2  Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting);
3  Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the
4  emphasis of the court is directed to irreparable harm and the balance of hardships because the
5  merits of a controversy are often difficult to ascertain and adjudicate on short notice.

6        The legal principles applicable to a request for injunctive relief are well
7  established.  To prevail, the moving party must show either a likelihood of success on the merits
8  and the possibility of irreparable injury, or that serious questions are raised and the balance of
9  hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122
10 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,
11 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal
12 point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under
13 any formulation of the test, plaintiff must demonstrate that there exists a significant threat of
14 irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the
15 court need not reach the issue of likelihood of success on the merits.  Id.

16       In cases brought by prisoners involving conditions of confinement, any
17 preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
18 harm the court finds requires preliminary relief, and be the least intrusive means necessary to
19 correct the harm."  18 U.S.C. § 3626(a)(2).

20       Plaintiff has failed to demonstrate a significant threat of irreparable harm to his
21 right to access the courts from the events complained of.  Accordingly, IT IS HEREBY
22 RECOMMENDED that plaintiff's February 28, 2005 motion for temporary restraining order
23 and/or preliminary injunction be denied.

24       These findings and recommendations are submitted to the United States District
25 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
26 days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within ten days after service of the objections.  The parties are advised
4  that failure to file objections within the specified time may waive the right to appeal the District
5  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: April 22, 2005.

/s/ John F. Moulds
UNITED STATES MAGISTRATE JUDGE

12
gibs1547.tro