1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CLARENCE A. GIPBSIN (GIBSON),

11          Plaintiff,                    No. CIV S-03-1547 LKK JFM P

12       vs.

13   D. L. RUNNELS, Warden, et al.,

14          Defendants.                   FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  This action is proceeding on claims raised against twenty defendants named

18   in plaintiff's fourth amended complaint.  Defendants have moved to dismiss this action pursuant

19   to Fed. R. Civ. P. 12(b) on the grounds that plaintiff failed to exhaust administrative remedies

20   prior to suit and that the fourth amended complaint fails to state a claim upon which relief may

21   be granted.[1]  On January 5, 2005, plaintiff received the notice required by Wyatt v. Terhune, 315

22

23          [1] By order filed December 21, 2004, this court determined that the fourth amended
     complaint stated a cognizable claim for relief against the following defendants: Lt. J. Rivas; Sgt.
24   R. Abney; Sgt. Mendonca; C/O M. Aguilera; M.T.A. C. Glenn; C/O F. Jones; C/O W. Rush; C/O
     Gillett; C/O McGuire; C/O G. Davis; C/O C. Pagala; Chief Deputy Warden T. Felker; B.
25   Blankenship; R. Waybright; T. Lucarelli; Warden D. L. Runnels; Appeals Officer H. Wagner;
     Mail Room Officer A. Avila; Appeals Officer D. Jackson; and Linda L. Melching.  The court
26   subsequently ordered the United States Marshal to request a waiver of service of process from
     said defendants.  Thereafter, on April 8, 2005, defendants Waybright, Lucarelli, Wagner, Rush,

1   F.3d 1108 (9th Cir. 2003) with respect to the requirements for opposing a motion to dismiss for

2   failure to exhaust administrative remedies.  Plaintiff has opposed defendants' motion,[2]

3   defendants have filed a reply, and plaintiff has filed a response to defendants' reply.[3]

4                                                PLAINTIFF'S CLAIMS

5                   Plaintiff raises the following claims in his fourth amended complaint.  At all times

6   relevant to this action plaintiff was incarcerated at High Desert State Prison (High Desert) in

7   Susanville, California. By his first set of allegations, plaintiff claims that sometime in late May

8   2001, he was subjected to excessive force by defendants Rivas, Abney, Mendonca, Aguilera,

9   Glenn, Jones, Gillette, McGuire, and Davis.  The incident was videotaped by defendant Pagala.

10  By the second set of allegations, plaintiff claims that for an extended period of time during his

11  incarceration at High Desert, defendants Felker, Blankenship, Waybright, Lucarelli, and Runnels

12  violated plaintiff's rights under the First Amendment by denying him a diet mandated by his

13  religious beliefs as well as access to his religious materials, and by refusing to respond to

14  numerous grievances filed by plaintiff in an attempt to redress the alleged infringements of his

15

16  Davis, Pagala, Felker, Runnels, McGuire, Jackson, Abney, Mendonca, Aguilera, Melching,
    Glenn, Jr., Rivas and Jones filed the instant motion to dismiss. On September 9, 2005, defendant
17  Blankenship filed a motion to join in the pending motion to dismiss. On September 19, 2005,
    plaintiff filed an opposition to defendant Blankenship's motion. Good cause appearing,
18  defendant Blankenship's motion will be granted. On April 26, 2006, defendant Gillette filed a
    notice of joinder in the pending motion to dismiss. On May 5, 2006, plaintiff filed an opposition
19  to defendant Gillette's notice of joinder. Good cause appearing, plaintiff's opposition to
    defendant Gillette's notice will be overruled.
20
        [2] Plaintiff filed his opposition on April 20, 2005. On April 26, 2005, defendants filed a
21  reply brief. On May 25, 2005, plaintiff filed two documents, one styled an opposition to
    defendants' motion to dismiss and the other styled "Re-cross Opposition of Defendant's Reply to
22  Plaintiff's Opposition to Defendants' Motion to Dismiss." On June 2, 2005, defendants filed a
    motion to strike the latter document, which they characterize as a "surreply," on the ground that it
23  is not authorized by the provisions of Local Rule 78-230(m) and is therefore improper.

24      [3] On June 2, 2005, defendants filed a motion to strike the latter brief.  Although
    plaintiff's response is not a specifically authorized pleading, given the numerous exhibits filed in
25  connection with defendants' motion to dismiss the court has reviewed the contentions theren in
    preparing the instant findings and recommendations. Defendants' motion will therefore be
26  denied.

1  right to practice his religious faith.  By his third set of allegations, plaintiff claims that defendants

2  Wagner, Jackson, and Melching interfered with his right to access the courts by destroying and/or

3  rejecting inmate grievances filed by plaintiff in order to exhaust administrative remedies.

4  Finally, plaintiff claims that defendant Avila[4] violated plaintiff's constitutional rights by

5  interfering with plaintiff's legal mail.

6                                              ANALYSIS

7  I.  Failure to Exhaust Administrative Remedies

8              "Section 1997e(a) of Title 42 of the United States Code provides:

9              No action shall be brought with respect to prison conditions under
            [42 U.S.C. § 1983], or any other Federal law, by a prisoner
10           confined in any jail, prison, or other correctional facility until such
            administrative remedies as are available are exhausted.

11

12  This exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001)."

13  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  Exhaustion must precede the filing of

14  the complaint and compliance with the statute is not achieved by satisfying the exhaustion

15  requirement during the course of an action.  Id.  Defendants have the burden of establishing that

16  plaintiff failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).  See

17  Wyatt, 315 F.3d at 1120;see also Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2005).

18              California's Department of Corrections provides a four-step
            grievance process for prisoners who seek review of an
19           administrative decision or perceived mistreatment. Within fifteen
            working days of "the event or decision being appealed," the inmate
20           must ordinarily file an "informal" appeal, through which "the
            appellant and staff involved in the action or decision attempt to
21           resolve the grievance informally."  Cal.Code Regs., tit. 15, §§
            3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not
22           resolved during the informal appeal, the grievant next proceeds to
            the first formal appeal level, usually conducted by the prison's
23           Appeals Coordinator.  Id. §§ 3084.5(b), 3084.6(c). Next are the
            second level, providing review by the institution's head or a

24  /////

25

26          [4] Defendant Avila has not yet been served with process.

                                                  3

1    regional parole administrator, and the third level, in which review
     is conducted by a designee of the Director of the Department of
2    Corrections.  [Footnote omitted.]  Id. § 3084.5(e)(1)-(2).

3    Brown v. Valoff, at 929-30.

4          In support of their motion to dismiss, defendants present evidence that plaintiff

5    did not submit any grievance to the Director's Level of review arising out of any of the events

6    complained of in the fourth amended complaint.  (Ex. B to Defendants' Motion to Dismiss,

7    Declaration of N. Grannis, filed April 8, 2005, at ¶ 5.)

8          In opposition to the motion, plaintiff appears to make two contentions relevant to

9    the exhaustion question at bar:  (1) he contends that defendant Rivas told plaintiff to send an

10   inmate grievance directly to him for processing so that it would not be duplicative; and (2)

11   plaintiff did send an unidentified inmate appeal to the Director's Level but that it was apparently

12   not received, thus demonstrating problems with his legal mail that are the subject of his claim

13   against defendant Avila.

14         The court has carefully reviewed all of the exhibits submitted by plaintiff on April

15   20, 2005 with his opposition to defendants' motion,[5] which include numerous prison grievances

16   filed by plaintiff between 2000 and 2005.  Only two of the grievances included therein submitted

17   to prison officials prior to July 23, 2003, the date on which the original complaint was filed to

18   commence this action,[6] raise issues relating to incidents at bar.  In one, plaintiff  raises

19   complaints related to the May 2001 alleged incident of excessive force at bar,[7] and in another

20   about difficulty with his mail.[8]  On both of these grievances, the space to be completed by an

21
     ───────────────────

22         [5] Docket entry # 37, styled by plaintiff as a motion for judicial intervention.

23         [6] Administrative exhaustion must precede the filing of an action.  See McKinney v.
     Carey, supra; see also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) (quoting McKinney, at
     1200) ("a district court must dismiss a case without prejudice 'when there is no presuit
24   exhaustion,' even if there is exhaustion while the suit is pending.")

25         [7] Administrative log # 01-01683.

26         [8] Administrative log # 01-02681.

                                          4

1   inmate requested Director's Level review of the grievance is blank.  There no evidence that

2   plaintiff submitted either of these grievances to the final level of administrative review, nor is

3   there any evidence that he exhausted administrative remedies for the other claims at bar.[9]

4         Defendants have met their burden of presenting evidence that plaintiff failed to

5   exhaust administrative remedies for any of the claims at bar prior to suit, and plaintiff has failed

6   to present any evidence that rebuts defendants' showing.  Accordingly, defendants' motion to

7   dismiss should be granted and this action should be dismissed for failure to exhaust

8   administrative remedies prior to suit.  Neither of these grievances are the one(s) to which plaintiff

9   refers in his opposition.  More importantly, plaintiff has submitted no evidence to contravene

10  defendants' evidence that he did not grieve any of the issues at bar to the final level of review.

11        Accordingly, for all of the foregoing reasons, this court finds that plaintiff did not

12  exhaust administrative remedies prior to suit for any of the claims raised in his fourth amended

13  complaint.  For that reason, defendants' motion to dismiss should be granted and this action

14  should be dismissed without prejudice.[10]

15        In accordance with the above, IT IS HEREBY ORDERED that:

16        1. Defendants' June 2, 2005 motion to strike is denied;

17        2. Defendant D. Blankenship's September 9, 2005 motion for joinder in

18  defendants' motion to dismiss is granted;

19

20     [9] Plaintiff also filed a grievance, administrative log # 02-01232, complaining about
    confiscation of his religious property on May 22, 2002.  That incident involved four correctional
21  officers, none of whom are defendants in this action.  The issues raised in administrative log #
    02-1232 were resolved in mid-2002 at the first  formal level of review.  After careful review of
22  said grievance and comparison with the claim at bar concerning alleged denial of access to
    plaintiff's religious material, this court finds that said grievance was inadequate to exhaust
23  administrative remedies with respect to the alleged denial of religious material that is at issue in
    plaintiff's fourth amended complaint.
24
       [10] Given this recommendation, the court will not reach the defendants' contention that
25  plaintiff's fourth amended complaint does not contain cognizable claims for relief concerning
    defendants' alleged failure to respond to administrative grievances and alleged interference with
26  plaintiff's legal mail.

1    3.  Plaintiff's May 5, 2006 opposition to defendant Gillette's April 26, 2006

2  joinder in defendants' motion to dismiss is overruled; and

3    IT IS HEREBY RECOMMENDED that defendants' April 8, 2005 motion to

4  dismiss be granted and this action be dismissed without prejudice for failure to exhaust

5  administrative remedies prior to suit.

6    These findings and recommendations are submitted to the United States District

7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

8  days after being served with these findings and recommendations, any party may file written

9  objections with the court and serve a copy on all parties.  Such a document should be captioned

10  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

11  failure to file objections within the specified time may waive the right to appeal the District

12  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13  DATED:  November 13, 2006.

14

15    UNITED STATES MAGISTRATE JUDGE

16

17

12
gibs1547.mtd

18

19

20

21

22

23

24

25

26